# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50688
consolidated with
No. 23-50690

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rogaciano Demetrio-Jimenez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 4:23-CR-212-1,
4:23-CR-325-1

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Rogaciano Demetrio-Jimenez pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326 and was sentenced to 46 months of imprisonment. He appeals his sentence, arguing that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

above the otherwise-applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He does not appeal the revocation of his supervised release or his revocation sentence. Although Demetrio-Jimenez acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review and has filed an unopposed motion for summary disposition.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres. See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Demetrio-Jimenez is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Demetrio-Jimenez's motion is GRANTED, and the judgment is AFFIRMED.